UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Melissa D. King,<br>Plaintiff,<br><br>v.<br><br>Founders Group International, LLC,<br>Defendant. | CASE NO.: ____________________<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. Three (3) charges of employment discrimination on basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

   b. All Notifications of the Right to Sue were received from the EEOC on or about July 29, 2026.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Melissa D. King, is a citizen and resident of the State of South Carolina and resides in Horry County, South Carolina.

4. Defendant Founders Group International, LLC upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about August 15, 2021, the Plaintiff began working for Defendant as a server and bartender.

11. The Plaintiff had previously been diagnosed with back issues and needed to have a spial fusion surgery associated with that diagnosis. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12. During the course of her employment, Plaintiff's treating physician advised her that she would need a spial fusion, due to her continuing back issues.

13. The Plaintiff notified her manager, Cindy Gibson, that beginning on January 30, 2025, Plaintiff would be out for spinal fusion surgery and recovery. The Defendant was aware of Plaintiff's medical condition and agreed to hold her position and schedule until her return.

14. While the Plaintiff was out, she began to receive messages from co-workers that Ms. Gibson was telling everyone that Plaintiff would not be returning. Plaintiff emailed Ms. Gibson about her return, and Plaintiff was put on a limited schedule and given the run around about her position. Defendant also hired a replacement for Plaintiff.

15. On or about Mark 25, 2025, after weeks of working on a limited schedule and working fewer hours than she had been given prior to her surgery, Ms. Gibson told Plaintiff that she was being demoted. The Plaintiff was then constructively discharged.

16. Any stated reasons for Plaintiff's discharge were pretextual in nature. Her discharge, in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodation.

17. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

20. The Plaintiff is a “qualified individual with a disability” as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job in Defendant’s employ.

21. As a result of her disability, the Plaintiff requested reasonable accommodation for keeping her position and schedule after her spinal fusion surgery.

22. The Defendant declined, without just cause, to provide that accommodation to the Plaintiff.

23. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the ADA – Retaliation**

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

26. Plaintiff’s requested accommodation was made in good faith and constituted protected activity under the ADA.

27. Shortly after requesting said accommodation, the Defendant wrongfully discharged the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

28. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

29. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

30. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

**FOR A THIRD CAUSE OF ACTION**
**Constructive Discharge**

31. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. The Defendant's wrongful actions as set forth aforesaid were retaliatory in nature and constituted a hostile work environment for the Plaintiff.

33. That the aforesaid constructive discharge of Plaintiff's employment by the actions of the Defendant, constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

34. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the constructive discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

**REQUEST FOR RELIEF**

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
October 13, 2026.